IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | * | |
| Plaintiff, | * | |
| v. | * | Criminal Action No. GLR-19-0128-4 |
| DARYL HART, | * | |
| Defendant. | * | |

\*\*\*

## <u>MEMORANDUM OPINION</u>

THIS MATTER is before the Court on self-represented Defendant Daryl Hart's Motion for Compassionate Release (ECF No. 312). The Motion is ripe for disposition, and no hearing is necessary. <u>See</u> Local Rule 105.6 (D.Md. 2025). For the reasons set forth below, the Court will deny the Motion.

### I.     BACKGROUND

On November 12, 2019, Hart pled guilty to one count of Conspiracy to Distribute Controlled Substances in violation of 21 U.S.C. §§ 841 and 846. (Plea Agreement at 1, ECF No. 128).[1] The Presentence Investigation Report assigned Hart a base offense level of 32 for a violation of 21 U.S.C. § 846 because more than 1.2 kilograms of fentanyl were distributed as a result of the offense. (Presentence Investigation R. & R. ¶ 16, ECF No. 148). Hart was given a three-level adjustment for acceptance of responsibility, resulting in

---

[1] Citations to page numbers refer to the pagination assigned by the Court's Case Management/Electronic Files ("CM/ECF") system.

a total offense level of 29. (Id. ¶¶ 23–25). At the time of sentencing, Hart had a criminal history score of thirteen. (Id. ¶ 37). On February 7, 2020, the Court sentenced Hart to 150 months of imprisonment, to run concurrently with his Maryland state sentence, and 60 months of supervised release. (J. at 2–3, ECF No. 165). His sentence falls below the applicable sentencing guideline range of 151 to 188 months and is consistent with the Plea Agreement. See U.S.S.G. ch. 5 pt. A (2018); (Plea Agreement at 5). To date, Hart has served around 69 months of his sentence, and his projected release date is October 20, 2029. (Gov't's Resp. Opp'n. ["Opp'n"] at 4, ECF No. 333).

On April 5, 2022, Hart filed his first Motion for Compassionate Release, (ECF No. 274), which the Court denied on December 19, 2022, (ECF No. 288). Hart filed the instant Motion for Compassionate Release under 18 U.S.C. § 3582(c)(1)(A) on November 27, 2023, (ECF No. 312), and the Government filed its Response in Opposition on October 17, 2024, (ECF No. 333). To date, Hart has not filed a Reply.

## II.    STANDARD OF REVIEW

As a general rule, a district court "may not modify a term of imprisonment once it has been imposed." United States v. High, 997 F.3d 181, 185 (4th Cir. 2021) (quoting 18 U.S.C. § 3582(c)). Under 18 U.S.C. § 3582(c), however, a court may modify a term of imprisonment under certain circumstances warranting compassionate release or a reduction in a defendant's term of imprisonment. See United States v. Maycock, No. GLR-14-133, 2020 WL 2395620, at *1 (D.Md. May 12, 2020). The First Step Act of 2018 further expanded this provision, allowing federal inmates to file motions for sentence reductions without having to rely on The Bureau of Prisons ("BOP") to initiate a motion for

compassionate release on the inmate's behalf. United States v. Gregory, 538 F.Supp.3d 562, 565–66 (D.Md. 2021).

Before moving for compassionate release, the defendant must either exhaust all administrative remedies or wait thirty days "from the receipt of such a request by the warden of the defendant's facility," whichever is earlier. 18 U.S.C. § 3582 (c)(1)(A). The court may then grant the motion if (1) the defendant demonstrated "extraordinary and compelling reasons" supporting his release, and (2) the requested relief is "appropriate under 18 U.S.C. § 3553(a) sentencing factors" and "consistent with applicable policy statements issued by the Sentencing Commission." United States v. Bethea, 54 F.4th 826, 831 (4th Cir. 2022); 18 U.S.C. § 3582 (c)(1)(A)(ii).

Prior to 2023, there were no applicable Sentencing Commission policy statements to reference. See United States v. McCoy, 981 F.3d 271, 284 (4th Cir. 2020). However, in November 2023, the Sentencing Commission issued a series of amendments to the United States Sentencing Guidelines ("U.S.S.G."), including revisions to the § 1B1.13(b) policy statement to clarify what constitutes "extraordinary and compelling" reasons for compassionate release under 18 U.S.C. § 3582(c)(1)(A). See U.S.S.G. app. C amend. 814 (2025). Specifically, compassionate release may be appropriate considering: (1) the medical circumstances of the defendant; (2) the age of the defendant; (3) the defendant's family circumstances; (4) whether the defendant was a victim of abuse while in custody; (5) if there are other compelling reasons for relief; or (6) if an unusually long sentence has been imposed on the defendant. Id. §§ 1.B1.13(b)(1)–(6). The policy statement adds that "rehabilitation of the defendant is not, by itself, an extraordinary and compelling reason"

3

but "may be considered in combination with other circumstances." Id. § 1.B1.13(d). As the United States Supreme Court recently emphasized, extraordinary and compelling reasons "is a demanding standard." Fernandez v. United States, 146 S.Ct. 1292, 1302 (2026).

The court may also modify a term of imprisonment where a defendant has been sentenced "based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . if such a reduction is consistent with applicable policy statements." 18 U.S.C. § 3582(c)(2).

### III.    DISCUSSION

**A.    <u>Administrative Exhaustion</u>**

To start, Hart has shown, and the Government does not dispute, that he has exhausted his administrative remedies. Hart submitted a request for compassionate release or reduction of sentence to the BOP on November 1, 2023. (Mot. Compassionate Release ["Mot."] at 3, ECF No. 312; Attach. at 1, ECF No. 312-3). On November 9, 2023, the Warden denied Hart's request. (Id.) More than thirty days have elapsed since the BOP received Hart's request, and the BOP has not filed a motion on Hart's behalf. This Motion, therefore, is properly before the Court for consideration on the merits.

**B.    <u>Extraordinary and Compelling Reasons</u>**

Having established that he has exhausted his administrative remedies, Hart next contends that there are extraordinary and compelling reasons for the Court to grant his release or a reduction in his sentence. (Mot. at 1). His argument rests on two grounds: (1) that the district court erred in sentencing him according to a level 29 total offense level per

the U.S.S.G.; and (2) that he is entitled to a sentence reduction under U.S.S.G. Amendment 821. (See generally id.). The Court will address each argument in turn.

     **1.**        **Sentencing Guidelines**

First, Hart asserts that the offense level and corresponding sentencing guideline range used in his sentencing were incorrect. (Id. at 2). This argument, however, is a collateral attack on Hart's sentence and is therefore improper to consider when evaluating a motion for compassionate release.

The Fourth Circuit has held that a defendant may not use a motion for compassionate release to collaterally attack his conviction and sentence, stating that a 28 U.S.C. § 2255 motion to vacate, set aside, or correct a sentence is "the exclusive method" by which a defendant may challenge his federal conviction or sentence after the period for appeal. United States v. Ferguson, 55 F.4th 262, 270 (4th Cir. 2022) (finding defendant's assertion that the sentencing guideline range was calculated incorrectly was not a basis for a compassionate release motion); see United States v. Gross, No. JRR-02-201, 2023 WL 8716878 at *9–10 (D.Md. Dec. 18, 2023) (stating defendant's argument that "the sentencing guidelines overstate[d] his criminal culpability" was not a basis for a motion for compassionate release); United States v. Bailey, No. LKG-16-267, 2023 WL 8235203, at *4 (D.Md. Nov. 28, 2023) (finding an allegation that the career offender enhancement was incorrectly applied at sentencing would be appropriately addressed in a § 2255 motion, rather than a motion for compassionate release).

Here, Hart challenges the sentencing range applied by the Court, asserting that a conviction for "400 grams but less than 1.2 kilograms of fentanyl" should result in a total

offense level of 30, which following his acceptance of responsibility, should be reduced to

a total offense level of 27 and corresponding sentencing range of 130 to 162 months. (Mot.

at 2).[2] Hart does not identify a change in the sentencing law after his sentencing that would

merit a reduction. But see McCoy, 981 F.3d at 285. Rather, Hart argues that the Court

applied the wrong base offense level and that his sentence should be "corrected." (Mot. at

2). However, because a motion for compassionate release cannot be used to collaterally

attack his conviction and sentence, see Ferguson, 55 F.4th at 270, the alleged sentencing

error is not an extraordinary and compelling reason warranting relief. The Court also notes

that a sentence of 150 months falls well within the applicable sentence range, even by

Hart's own measure. (See Mot. at 2 (alleging the proper range is between 130 and 162

months)).

Even liberally construed, Hart's Motion fails to establish an extraordinary and

compelling reason. The Government construes Hart's Motion as arguing for compassionate

release on the basis that he is subject to an "Unusually Long Sentence"—one potential

ground for relief expressly identified in U.S.S.G. § 1B1.13(b)(6). (Opp'n at 8). Hart would

fail to establish an extraordinary and compelling reason for relief even on these grounds.

The U.S.S.G. policy statement provides:

> If a defendant received an unusually long sentence and has
> served at least 10 years of the term of imprisonment, a change
> in the law . . . may be considered in determining whether the

---

[2] Hart's assertion that he was convicted for less than 1.2 kilograms of fentanyl contradicts the Plea Agreement, which states he and other co-conspirators "agreed to distribute and possess with the intent to distribute 1.2 kilograms or more of fentanyl." (Plea Agreement at 9, ECF No. 128 (emphasis added)).

> defendant presents an extraordinary and compelling reason, but only where such a change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed, and after full consideration of the defendant's individualized circumstances.

U.S.S.G. § 1B1.13(b)(6). Here, Hart has served only 69 months of his 150-month sentence. (Opp'n at 4). Consistent with the terms of the plea agreement, the Court sentenced Hart to a term below the guideline's range. (Plea Agreement at 5). Hart has not identified any change in the law or applicable guidelines range that would "produce a gross disparity between the sentence being served and the sentence likely to be imposed" if he were convicted of the same offense today. U.S.S.G. § 1B1.13(b)(6). He therefore has not established an extraordinary and compelling reason for his release based on the length of his current sentence.

## 2.    Amendment 821

Hart also moves for a reduction of his sentence under Amendment 821 to the U.S.S.G., alleging he qualifies for a status point reduction under U.S.S.G. § 4A1.1. (Mot. at 1). Part A of Amendment 821, effective beginning November 1, 2023, assigns only one additional criminal history status point—as opposed to the previous two—to a defendant who committed an offense "while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status." U.S.S.G. app. C amend. 821 Pt. A; U.S.S.G. § 4A1.1(e) (2023). Defendants with fewer than seven criminal history points are assigned no additional status points; those with seven or more criminal history points receive only one additional status point. U.S.S.G. 4A1.1(e) (2023). These changes apply retroactively, and eligible defendants may seek relief under 18 U.S.C.

7

§ 3582(c)(2) unless the amendment "does not have the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10(a)(2)(B), app. C amend. 825. However, courts may not reduce the defendant's term of imprisonment to "less than the minimum of the amended guideline range." Id. § 1B1.10(b)(2)(A)

At sentencing, Hart received thirteen criminal history points. (Presentence Investigation R. ¶ 37). Because Hart committed the offense while he was under a criminal justice sentence, two additional points were added for a total of fifteen criminal history points and a criminal history category of VI. (Id. ¶¶ 38–39). Under Amendment 821, Hart would now receive only one additional point instead of two, reducing his total criminal history score to fourteen. However, criminal history category VI applies where a defendant has thirteen or more criminal history points. U.S.S.G. Manual, ch. 5 pt. A (2018). Thus, even accounting for the one-point reduction from fifteen to fourteen, Hart still falls within the same sentencing guideline range of 151 to 188 months Id. Moreover, Hart's current sentence of 150 months falls below this range, and under U.S.S.G. § 1B1.10(b)(2)(A) the Court may not further reduce his sentence to below the amended guideline range. See United States v. Gary, No. JKB-08-86, 2024 WL 1641007 at *2 (D.Md. Apr. 16, 2024) (finding that the defendant was not eligible for a sentence reduction because application of Amendment 821 would not change the applicable criminal history category and the defendant's sentence was already below the guideline range). Hart, therefore, is ineligible for a sentence reduction under Amendment 821.

C.    **18 U.S.C. § 3553(a) Sentencing Factors**

Finally, Hart asserts that his rehabilitative efforts, as well as the non-violent nature of the offense, support his release under the factors enumerated in 18 U.S.C. § 3553(a). (Mot. at 4–7). [3] Section § 3553(a) directs courts to consider sentencing factors including, but not limited to: "(1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed" in light of the offense, potential for deterrence, and threat to the public; and "(3) the kind of sentences available." 18 U.S.C. § 3553(a)(1)–(7). An analysis of the § 3553(a) factors, however, is a "distinct analytical step" to determine "the extent of a [sentence] reduction," not an independent basis for relief. Rutherford v. United States, 146 S.Ct. 1320, 1333 (2026). "[A] court must first ensure that a movant is part of the 'limited class of prisoners' who are 'eligibl[e]' for such a reduction. And whether a prisoner is eligible depends on whether he can offer 'extraordinary and compelling' reasons that 'warrant' compassionate release, not on the § 3553(a) factors." Id. (citation omitted) (first quoting Dillon v. United States, 560 U.S. 817, 825, 827 (2010); and then quoting 18 U.S.C. § 3582(c)(1)(A)(i)).

Here, Hart has not established any extraordinary and compelling reason for a reduction, instead improperly attacking his sentence. Even construing the Motion liberally, Hart has not served a long enough sentence to warrant compassionate release based on an unusually long sentence, nor is he eligible for a sentence reduction under Amendment 821.

---

[3] Hart cites 18 U.S.C. § 3142(g), which concerns factors to be considered in determining the release or detention of a defendant pending trial, and 18 U.S.C. § 3553(a) interchangeably. (Mot. at 4–5).

Therefore, Hart is ineligible for compassionate release, rendering the § 3553(a) analysis inapplicable. See United States v. Madison, No. JKB-21-37, 2023 WL 4052237 at *1 n.1 (D.Md. June 16, 2023) ("Because the Court finds no extraordinary and compelling reason warranting compassionate release, it need not consider the § 3553(a) factors . . . .").

Even if Hart had established an extraordinary and compelling reason warranting his release or reduction in his sentence, the § 3553(a) factors still weigh against granting the relief requested. Hart was a member of a drug trafficking operation that distributed over a kilogram of fentanyl. (Plea Agreement at 9). He has four prior drug trafficking convictions, as well as other prior serious convictions for illegal possession of a handgun and driving while impaired. (Presentence Investigation R. & R. ¶¶ 29–36). Furthermore, Hart's sentence was below the applicable sentencing range, and to date he has served less than half of his 150-month sentence. (Opp'n at 4). Although Hart's rehabilitative efforts are commendable, they themselves are not sufficient to warrant compassionate release. (Mot. at 5–6); see United States v. Henderson, No. RDB-18-189 2025 WL 385658 at *4 (D.Md. Feb. 3, 2025) ("[R]ehabilitation 'is not, by itself, an extraordinary and compelling reason.'" (quoting U.S.S.G. § 1B1.13(d))). The Court finds the sentence imposed "reflect[s] the seriousness of the offense" as well as his prior criminal history, and concludes that Hart's 150-month sentence is "sufficient[] but not greater than necessary, to comply with the purposes [of incarceration]." 18 U.S.C. §§ 3553(a), (a)(2)(A); see United States v. Johnson, No. RDB-18-178, 2024 WL 2956095 at *5 (D.Md. June 12, 2024) (declining to reduce a defendant's sentence under § 3552(a) factors because the sentence "was within the

applicable sentencing range; reflected the seriousness of his offense, . . . and was and remains necessary to promote just punishment and respect for the law").

### IV.    CONCLUSION

For the foregoing reasons, the Court denies Hart's Motion for Compassionate Release (ECF No. 312). A separate Order follows.

Entered this 14th day of July, 2026.

_____/s/_____
George L. Russell, III
Chief United States District Judge
